Filed 11/4/21  P. v. Howard CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARK ALAN HOWARD,<br><br>    Defendant and Appellant. | A162150<br><br>(Alameda County<br>Super. Ct. No.<br>118354) |

**MEMORANDUM OPINION[1]**

Defendant Mark Alan Howard was convicted of first degree murder (Pen. Code, § 187)[2], second degree murder (§ 187), and assault with a firearm (§ 245, subd. (a)(2)).  The jury also found true that during the crimes, defendant personally used a firearm (§ 12022.5).  It additionally found true multiple murder special circumstances.  (§ 190.2, subd. (a)(3).)  Defendant was sentenced to a prison term of life without possibility of parole, plus nine

---

[1] This case is appropriately resolved by way of memorandum opinion pursuant to pursuant to California Standards of Judicial Administration, section 8.1, subdivisions (1) and (3).

[2] All further statutory references are to the Penal Code unless otherwise indicated.

1

years, and his conviction was affirmed on appeal. (*People v. Howard* (June 24, 1999, A080339) [nonpub. opn.].)[3]

Defendant here appeals from the denial of his petition for resentencing under section 1170.95. The Attorney General concedes the trial court erred in ruling defendant failed to allege a prima facie case of entitlement for resentencing without first appointing counsel to represent him. Under our Supreme Court's recent decision in *People v. Lewis* (2021) 11 Cal.5th 952, 961-970 (*Lewis*), this concession is well-made.

The Attorney General urges, however, that the error is harmless because the record of conviction conclusively demonstrates defendant was not convicted of murder under either a felony-murder or as an aider and abettor under natural and probable consequences theory. Defendant did not file a closing brief disputing this assertion, and on review of the record, we agree and therefore affirm.

### Section 1170.95

*People v. Mancilla* (2021) 67 Cal.App.5th 854 (*Mancilla*) ably summarizes the pertinent procedural aspects of section 1170.95 following our high court's decision in *Lewis*:

> "Senate Bill 1437 [(2017-2018 Reg. Sess.)] substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 . . . (*Gentile*)) and significantly narrowing the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e)(3). . . .) With respect to the former change, 'to amend the natural and probable consequences doctrine, Senate Bill 1437 added section 188, subdivision (a)(3) (section 188(a)(3)): "Except [for felony-murder liability] as stated in subdivision (e) of Section 189, in order to be

---

[3] We have, by prior order, taken judicial notice of this court's opinion and the clerk's transcript in that appeal.

2

convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." ' (*Gentile*, at pp. 842-843.)

"Senate Bill 1437 [(2017-2018 Reg. Sess.)] also authorized, through new section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime. [Citations.]

"If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she was convicted of murder and is eligible for relief (§ 1170.95, subd. (b)(1)(A)), section 1170.95, subdivision (c), requires the court to appoint counsel to represent the petitioner, if requested; to direct the prosecutor to file a response to the petition and permit the petitioner to file a reply; and to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (See *Lewis, supra*, 11 Cal.5th at p[p.961-970].)

"In determining whether the petitioner has carried the burden of making the requisite prima facie showing he or she falls within the provisions of section 1170.95 and is entitled to relief, the superior court properly examines the record of conviction, 'allowing the court to distinguish petitions with potential merit from those that are clearly meritless.' (*Lewis, supra*, 11 Cal.5th at p[p. 970-972].) However, 'the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, " 'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.' " [Citation] . . . "However, if the record, including the court's own documents," "contain[s] facts refuting the allegations made in the petition, 'then' the court is justified in making a credibility determination adverse to the petitioner." ' (*Id*. at p. 971; see *People v. Daniel* (2020) 57 Cal.App.5th 666, 675 . . . , review granted Feb. 24, 2021, S266336 [any error in denying petition at prima facie stage without appointing counsel is harmless if the record of conviction 'conclusively demonstrates' petitioner is ineligible for relief].)" (*Mancilla, supra*, 67 Cal.App.5th at pp. 862-863.)

A failure to appoint counsel is state law error only. (*Lewis, supra,* 11 Cal.5th at p. 973.) It also is not a "structural error" that requires reversal.[4] (*Id.* at pp. 973-974.) Accordingly, the "*Watson*"[5] harmless error test applies, and a petitioner " 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Lewis,* at p. 974, quoting *People v. Daniel, supra*, 57 Cal.App.5th at p. 676, review granted, S266336; see *Mancilla, supra*, 67 Cal.App.5th at pp. 863-864.)

*Denial Without Appointing Counsel Was Harmless*

In denying defendant's resentencing petition, the trial court stated in pertinent part:

> "The Petition is denied because relief under Penal Code section 1170.95 is unavailable because Petitioner has failed to make a prima facie showing that he falls within the provisions of Penal Code section 1170.95. (Pen. Code, § 1170.95, subd. (a).) First, Petitioner was not convicted of murder under a felony murder theory or an aider and abettor natural and probable consequences theory. A review of the jury instructions [reflects] an absence of any instructions concerning these theories of murder. Rather, the only theory of first degree murder on which the jury was instructed was deliberate and premeditated murder. Additionally, the record is clear that Petitioner was the actual killer of both victims. Indeed, Petitioner did not contest that he had murdered Nelson and Hedgepeth, and the appellate court found that the evidence 'amply supports the jury's finding that he killed Hedgepeth with premeditation and deliberation. . . .' Accordingly, even if convicted under a felony-murder or natural and probable consequence theory of murder, relief under Penal Code section 1170.95

---

[4] In his opening brief, filed before the Supreme Court issued its decision in *Lewis,* defendant argued the trial court's failure to appoint counsel was structural error, requiring reversal.

[5] *People v. Watson* (1956) 46 Cal.2d 818, 836.

4

is unavailable because Petitioner was the actual killer.  (Pen. Code, § 189, subd. (e)(1).)"

The trial court accurately summarized the record of conviction, and defendant does not contend otherwise.

The jury was not instructed on either the felony-murder rule or aider and abettor liability under the natural and probable consequences doctrine.[6] Rather, it was instructed on murder and that one of the elements of murder was that "[t]he killing was done with malice aforethought."  It was further instructed that malice could be either express or implied:  "Malice is express when there is manifested an intention unlawfully to kill a human being," and malice is implied when (1) the killing resulted from an intentional act; (2) the natural consequences of the act are dangerous to human life; and (3) the act was deliberately performed with knowledge of the danger to, and with conscious disregard for human life.  Thus, the only theory of first degree on which the jury was instructed was express-malice premeditation and deliberation first degree murder—"All murder which is perpetrated by any kind of willful, deliberated and premeditated killing with express malice aforethought is murder of the first degree."  (Italics omitted.)  The jury was also instructed on implied malice second degree murder, specifically that murder of the second degree "is the unlawful killing of a human being with malice aforethought when there is manifested an intention unlawfully to kill

---

**6** Aider and abettor liability under the natural and probable consequences doctrine was discussed extensively by our high court in *People v. Chiu* (2014) 59 Cal.4th 155, 161-167, the court holding that the doctrine cannot support a first degree murder conviction.  And in *Gentile, supra,* 10 Cal.5th at page 843, the court held "Senate Bill 1437 bars a defendant from being convicted of second degree murder under a theory that the defendant aided and abetted a crime, the natural and probable consequence of which was murder."

a human being but the evidence is insufficient to establish premeditation and deliberation.

The jury additionally found, as to both defendant's first and second degree murder convictions that during the commission of the offenses he personally used a handgun. And as to those enhancements, the jury was instructed that it had to find that defendant displayed the firearm in a menacing manner, intended to fire it, or intended to strike or hit a human being with it.

Accordingly, the record of conviction conclusively demonstrates defendant was not convicted of a resentencing-eligible theory of murder under section 1170.95 and the error in failing to appoint counsel was therefore harmless. (See *Mancilla*, *supra*, 67 Cal.App.5th at p. 864 [failure to appoint counsel was harmless error where defendant was not convicted under either felony-murder or aider and abettor natural and probable consequence theory]; *People v. Edwards* (2020) 48 Cal.App.5th 666, 671, 674, review granted July 8, 2020, S262481 [counsel not appointed, but absence of jury instructions on felony murder or aider and abettor liability under natural and probable consequences doctrine justified summary denial of petition], abrogated on another ground by *Lewis*, supra, 11 Cal.5th at pp. 962-962.)

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.

_____
Banke, J.

We concur:


_____
Margulies, Acting P.J.


_____
Sanchez, J.

A162150, People v. Howard

7